Wright, J.
Several objections were raised on the trial to the admission or rejection of evidence; but two of which were insisted on in the argument at bar. With the view of showing that work extra and outside of the contract was done by the plaintiff, after putting in evidence the several working drawings furnished to him in the progress of the work by the architect named in the contract, he offered to prove that the work was performed according to the plans furnished; that they showed work which did not appear on the plans annexed to the contract, and in that respect the plans varied. The evidence offered was objected to by ihe defendant on the ground that the same was irrelevant and incompetent; and the objection was overruled by the referee. It is now urged that this ruling was erroneous, not for the reasons assigned to the referee, but because the contract fixed a tribunal for valuation of extra work, and it could not rightfully be investigated by' a court of law. If there is really anything in this grofind, it comes too late, being urged .here for the first time. Ho such ground was hinted at in the defendant’s answer or *23 before the referee. The objection that the offered evidence was irrelevant and incompetent did not direct the attention of the referee to the point. The complaint averred that the plaintiff, at the request of the defendant, did extra work, in and about the erection and completing of. the buildings, which was reasonably worth the sum of one thousand and six dollars, and the defendant answered denying the performance of the work and the value of the same. Evidence in support of the allegations of the complaint, and to maintain the issue thus formed, was not objectionable on the ground of irrelevancy or jncompetency; and this was the only ground of objection before the referee.
After the plaintiff had twice, and the defendant had intermediately rested, the defendant called the architect, and proposed to re-examine him as to new matter, and not to rebut statements of the plaintiff’s witnesses after the latter had resumed the examination. This the referee would not allow to be done, and sustained an objection to receiving the proposed testimony. The refusal of the referee, after the defendant had once rested, to allow him to open the case and reexamine his witness as to new matter, is not a subject for review in this court. It was entirely discretionary with the referee, and the refusal is not a ground for exception.
The only remaining question is, whether the plaintiff was entitled to recover the amount of twenty-seven hundred dollars, the last installment, stipulated to be paid on the completion of the work. The plaintiff and Abraham Allen contracted to erect and finish the building by the 1st April, 1855. Allen was to furnish the materials and do the mason work, for which he was to be paid the sum of $17,800, and the plaintiff to furnish the materials and do the carpenter work, for $11,200. These payments, both to the mason and carpenter, were to be by installments as the work progressed. The last payment of $2,700 was to be made to the plaintiff on the completion of the work. The building was to be erected and finished agreeably to the drawings and specifications of Houdayer, the architect, annexed to the contract. The work was to be done *24 in a workmanlike and substantial manner, to the satisfaction and under the direction of the architect, to be certified by a writing or certificate under his hand. The contract further provided that the installments, at different stages of the work, were to be payable, in each case, on a certificate signed by the architect. The referee found the fact that the work was performed on the part of the plaintiff according to the terms of the agreement. It is true that he afterwards finds that the plaintiff omitted to perform certain items of work, which, by the terms of the contract he was bound to perform, amounting to some thirty dollars, which sum he allowed to the defendant. This was contradictory to the previous finding, and is only to be reconciled on the theory that the referee deemed those omitted items so trivial and insignificant as to justify the finding that the contract had been substantially performed. This was the view taken by the Supreme Court, and I think the correct one. If we were to look at the case and evidence to interpret the apparent contradiction in the findings, it would be quite evident that there had been a substantial compliance; and that these omitted items of work, for which the referee allowed, were hatched up as deficiencies by the defendant’s agent and architect after the parties had gone through the building together, and the work pointed out by the architect as necessary to complete the job had been done by the plaintiff.
It is conceded that the building was not finished within the time prescribed by the contract, viz., 1st April, 1855. The referee finds that the work was completed by the 1st September, and the plaintiff was prevented from completing it within the time specified by the agreement in consequence of the interruptions and delays which occurred in the progress of the mason work, and by various alterations suggested and required by the architect; that the work was carried on to its completion, with the knowledge and under the supervision of the architect, and, under the circumstances, was completed within a reasonable time, and as soon as 'the interruptions and suggestions permitted. When, the defendant and his agents pre *25 vented the plaintiff from completing the worlr within the time fixed by the contract, and his architect and agent continues to supervise it after that time, and it is completed as soon as the defendant’s interruptions and required alterations will allow it is no ground for resisting a recovery that the work was not finished by the time specified in the contract.
It was a provision of the contract that the building should be erected and finished agreeably to certain plans and specifications, in a workmanlike manner, to the satisfaction and under the direction of Houdayer, the architect, to be testified by a writing or certificate under his hand, and the defendant was to pay the sums named, in the manner and at the times mentioned in the agreement, provided that in each case a certificate was obtained, signed by the architect. The substance of this is, that the work was to be done under the direction of the architect, who was to be satisfied with it as it progressed, and whose satisfaction was to be evidenced by his certificate in writing; and upon obtaining such certificate, the plaintiff was to be paid certain amounts of the gross sum of $11,200, at certain stages of the work. At these stages, if the architect was not satisfied, he could withhold the certificate, and without it the defendant could refuse to pay. The plaintiff was paid the sum of $8,500 (all of the contract price, except the last payment of $2,700), without any dissatisfaction expressed by the architect, and without his written certificate. These payments were made by the defendant, through the architect, acting as his agent, and no question was raised as to a written certificate until after the action was brought. When the plaintiff required payment of the last installment of $2,700, the only objection was that the work had not been completely finished according to the terms of the agreement. Regarding the action, however, as brought exclusively upon the contract, and that the obtaining of the architect’s certificate was a condition precedent to a recovery, a failure in the latter respect would not be fatal to the plaintiff’s right. The architect was the defendant’s agent, and if he unreasonably and in bad faith refused the certificate, the plaintiff is not to be held responsible, but *26 he may establish his right to recover by other evidence. The certificate is mere evidence of the substantial fact of performance ; and if the kind of evidence of the fact stipulated for is obstinately and unreasonably withheld, a forfeiture of $2,700 is not to be exacted, for that reason, from the plaintiff. The referee found, as facts, that the work was performed on the part of the plaintiff according to the terms of the agreement; that it was carried on to its completion; that the plaintiff applied, for the architect’s certificate, and that he refused to give it. It cannot admit of a doubt that the 'contract being strictly performed, and the party entitled to his money, it was unreasonable and unconscientious in the architect to refuse the certificate. But, again, the original drawings and specifications annexed to the contract, and in reference to which it was expressly made, and which formed a part of it, were so far deviated from by the defendant’s direction, as to render the obtaining of a truthful certificate, pursuant to the contract, impossible, even if the architect was disposed to act in good faith. ■ A certificate of some sort could have been given, but not the certificate insisted on as a condition precedent to a recovery; and' this not through the plaintiff’s fault, but in consequence of the defendant’s directions. Besides, the work progressed with the defendant’s knowledge and approbation, as evinced by the payment of all the installments but the last, without any certificate whatever being obtained or demanded, and the defendant accepted, and went into the enjoyment of the buildings. To defeat a recovery upon the facts found and developed in the case, because of the non-production of the architect’s certificates, would be manifestly unjust to the plaintiff and a reproach to the law.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.